SCANNED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 05-047S |
| | : | |
| ROBERT NARDOLILLO | : | |

# PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, Robert Nardolillo, have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will plead guilty to Counts 1 through 4 of the Indictment which charges Defendant with Conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. §846 (Count 1); two counts of attempting to possess in excess of five kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. §846 and 18 U.S.C. § 2 (Counts 2 and 4); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(Count 3).

2. Government's Obligations. In exchange for Defendant's pleas of guilty:

a. The government will move to dismiss count 5 of the Indictment.

b. The government will recommend that the Court impose a term of imprisonment at the lowest point of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the "guidelines") or the mandatory minimum term of imprisonment pursuant to statute, whichever term is greater.

c. For purposes of determining the offense level, the government agrees to recommend a 2-level reduction in the offense level for acceptance of responsibility under §3E1.1(a) of the guidelines if Defendant continues to demonstrate his acceptance of responsibility through sentencing.

d. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and the defendant enters his plea of guilty pursuant to this agreement, the government will move the sentencing court for an additional decrease of 1 level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

e. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

3. Defendant understands that the United States Sentencing Guidelines (the "guidelines") are not binding on the Court, and that, although the Court must consult the guidelines in

fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The government and defendant stipulate and agree to the following fact under the guidelines:

a. The total amount of drugs involved, for Sentencing Guidelines purposes, in counts 1,2 and 4 is 26 kilograms of cocaine.

5. Except as expressly provided in the preceding paragraphs, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guideline calculation.

6. The maximum statutory penalties for Counts 1,2 and 4 of the Indictment to which Defendant is pleading guilty are:

a. life imprisonment, with a mandatory minimum term of ten (10) years imprisonment; and

b. a fine of $4,000,000; and

c. a term of supervised release of life, with a minimum term of five (5) years; and

d. a mandatory special assessment of $100.

The maximum statutory penalty for Count 3 of the Indictment to which Defendant is pleading guilty is:

a. life imprisonment, with a mandatory minimum term of five (5) years imprisonment(consecutive); and

b. a fine of $250,000; and

c. a term of supervised release of five (5) years; and

d. a mandatory special assessment of $100.

The total mandatory special assessment is $400. Should the sentences on Counts 1, 2, 3, and 4 be imposed consecutively, the maximum penalties would be consecutive terms of life imprisonment, a fine of $12,250,000, and a term of supervised release of life.

7. Defendant agrees that, after he and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for Acceptance of Responsibility.

8. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against the Defendant any statement that the Defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. Defendant has the right to a jury trial;

d. Defendant has the right to be represented by counsel - and if necessary have the court appoint counsel - at trial and every other stage of the proceeding;

e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and that

f. Defendant waives these trial rights if the court accepts a plea of guilty.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraph 2, above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory

maximum. Defendant also understands that, even if the Court's guideline determinations and sentence are different than he expects, Defendant will not be allowed to withdraw his plea of guilty.

12. Defendant understands that he may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives his right to file a direct appeal, if the sentence imposed by the Court is 195 months or lower. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b) and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate as well as charging Defendant with a second 924(c) offense described in paragraph 2(e) above. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty pleas.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced him to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that he has read this agreement, been given a copy of it for Counsel's file, explained it to Counsel's client, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

17. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with counsel, understands it, and agrees to its provisions.

| | |
|---|---|
| Robert Nardolillo<br>Defendant | 8-10-05<br>Date |
| William J. Murphy<br>Counsel for Defendant | 10 AUGUST 05<br>Date |
| James H. Leavey<br>Assistant U.S. Attorney | 8/22/05<br>Date |
| Kenneth P. Madden<br>First Assistant U.S. Attorney | 8-22-2005<br>Date |